IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| The ERISA Industry Committee, National Labor Alliance of Health Care Coalitions, The Cigna Group, and Cigna Health and Life Insurance Company, | No. 24-cv-4639 KMM/SGE |
| Plaintiffs, | |
| vs. | **ANSWER** |
| Minnesota Department of Commerce and Grace Arnold, in her official capacity as Commissioner of the Minnesota Department of Commerce, | |
| Defendants. | |

Defendants Minnesota Department of Commerce and Grace Arnold, in her official capacity as Commissioner of the Minnesota Department of Commerce, answer the complaint of Plaintiffs The ERISA Industry Committee, National Labor Alliance of Health Care Coalitions, the Cigna Group, and Cigna Health and Life Insurance Company as follows:

1. Except as expressly admitted, denied, or otherwise qualified, deny each allegation in the complaint.

2. Defendants state that Minnesota regulations speak for themselves but deny that Defendants regulate the design and implementation of prescription-drug benefit plans' provider networks.

3. With respect to paragraph 2, Defendants admit that a pharmacy network is the collection of pharmacies where health plan members can receive "in-network"

prescription-drug benefits. Defendants lack sufficient information to admit or deny the remainder of paragraph 2 and therefore deny it.

4. Defendants lack sufficient information to admit or deny paragraph 3 and therefore deny it.

5. With respect to paragraph 4, the cited act speaks for itself. Defendants deny that the act regulates plan sponsors or that it dictates the kind of pharmacies that plan sponsors must allow into their mail-order and specialty pharmacy network.

6. With respect to paragraph 5, the cited act speaks for itself. Defendants deny that the act regulates plan sponsors.

7. With respect to paragraph 6, Defendants lack sufficient information to admit or deny that plan sponsors, not PBMs, exercise ultimate control over pharmacy network design and therefore deny it. Defendants lack sufficient information to admit or deny the actions of nearly all plan sponsors and therefore deny it. Defendants deny that the act dictates how plan sponsors are permitted to design benefit plans. Defendants state that the referenced statutes speak for themselves and deny the allegations to the extent they mischaracterize the statutes.

8. With respect to paragraph 7, the act speaks for itself. Defendants deny that the act regulates network design. Defendants deny that the act prohibits employers and labor union health trust funds from using quality control and cost containment measures.

9. With respect to paragraph 8, the Employee Retirement Income Security Act of 1974 speaks for itself.

10. Defendants deny paragraph 9.

11. With respect to paragraph 10, the cited constitutional clauses speak for themselves. Defendants deny asserting the power to regulate polices and plans entirely outside of Minnesota with no meaningful connection to the state. Defendants deny engaging in extraterritorial regulation.

12. Defendants deny paragraph 11.

13. Paragraph 12 contains legal conclusions to which no response is required.

14. Defendants lack sufficient information to admit or deny paragraph 13 and therefore deny it.

15. With respect to paragraph 14, Defendants deny that this case is not about regulating PBMs. The cited caselaw speaks for itself.

16. With respect to paragraph 15, Defendants deny that the cited regulatory tools would protect Minnesota consumers from PBMs' abusive practices as effectively as Minn. Stat. § 62W.07. Minnesota's other regulatory statutes speak for themselves. Defendants deny that they are "micromanaging" relationships between plan sponsors, PBMs, and pharmacies.

17. With respect to paragraph 16, Defendants deny that they have sought to enforce the act against any plaintiff or that enforcement against any plan is causing Plaintiffs' immediate and irreparable injury. The remainder of paragraph 17 identifies the relief sought to which no response is required.

18. Defendants admit paragraphs 17–19.

19. Defendants lack sufficient information to admit or deny paragraphs 20–28 and therefore deny them.

20. Defendants admit paragraphs 29–30.

21. With respect to paragraphs 31–45, the cited constitutional provisions, statutes, caselaw, and legislative history speak for themselves.

22. Paragraph 46 is a legal conclusion to which no response is required.

23. With respect to paragraph 47, Defendants lack sufficient information to admit or deny that consumers, as opposed to intermediary PBMs, receive the advantage of negotiated prices with pharmacies, and therefore deny it. Defendants admit the remainder of paragraph 47.

24. With respect to paragraph 48, the referenced document speaks for itself.

25. With respect to paragraph 49, the referenced caselaw speaks for itself. Defendants lack sufficient information to admit or deny the remainder of paragraph 49 and therefore deny it.

26. With respect to paragraph 50, the referenced caselaw speaks for itself. Defendants lack sufficient information to admit or deny the remainder of paragraph 50 and therefore deny it.

27. With respect to paragraph 51, the referenced caselaw speaks for itself. Defendants lack sufficient information regarding what Plaintiffs' members almost always do and therefore deny the remainder of paragraph 51.

28. With respect to paragraph 52, Defendants admit that pharmacy networks are selected groups of contracted pharmacies from which plan participants can purchase drugs at negotiated prices and receive reimbursement. Defendants lack sufficient information to admit or deny the remainder of paragraph 52 and therefore deny it.

29. Defendants lack sufficient information to admit or deny paragraph 53 and therefore deny it.

30. With respect to paragraph 54, Defendants deny that the act regulates plan sponsors. Defendants lack sufficient information to admit or deny the remainder of paragraph 54 and therefore deny it.

31. With respect to paragraph 55, Defendants admit that in a single-tier network, beneficiaries can obtain coverage on the same cost-sharing terms regardless of which in-network pharmacy they use, while in a preferred-pharmacy network beneficiaries pay different costs depending on which in-network pharmacy they use. Defendants lack sufficient information to admit or deny that preferred-pharmacy networks necessarily result in cost savings to a plan or to beneficiaries, and therefore deny it.

32. Defendants lack sufficient information to admit or deny paragraphs 56 and 57 and therefore deny them.

33. With respect to paragraph 58, Defendants admit that mail-order pharmacies dispense and deliver drugs via common carrier. Defendants lack sufficient information to admit or deny the remainder of paragraph 58 and therefore deny it.

34. Defendants lack sufficient information to admit or deny paragraphs 59 and 60 and therefore deny them.

35. With respect to paragraph 61, Defendants admit that mail-order pharmacies operate differently than retail pharmacies. Defendants lack sufficient information to admit or deny the remainder of paragraph 61 and therefore deny it.

36. Defendants lack sufficient information to admit or deny paragraphs 62–64 and therefore deny them.

37. With respect to paragraph 65, Defendants admit that some drugs are specialty drugs that require special handling. Defendants lack sufficient information to admit or deny the remainder of paragraph 65 and therefore deny it.

38. Defendants lack sufficient information to admit or deny paragraphs 66-70 and therefore deny them.

39. With respect to paragraphs 71–72, the cited law and statutes speak for themselves.

40. Paragraph 73 is a legal conclusion for which no response is required.

41. With respect to paragraphs 74–79, the cited statutes and rules speak for themselves.

42. Defendants admit paragraph 80.

43. With respect to paragraphs 81–84, the cited order speaks for itself.

44. With respect to paragraphs 85–86, the cited letters speak for themselves. Defendants deny that the authors of the letters have authority to speak to the Defendants' legal position or bind the Defendants to any interpretation of the law. Defendants further state that the letters are inadmissible pursuant to Federal Rule of Evidence 408.

45. Paragraphs 87–91 are legal conclusions for which no response is required. Defendants deny that Minn. Stat. § 62W.07 is preempted as applied to ERISA-covered benefit plans.

46. With respect to paragraph 92, Defendants lack sufficient information to admit or deny the first two sentences and therefore deny them. The remainder of paragraph 92 is legal conclusion for which no response is required.

47. With respect to paragraphs 93–94, Defendants lack sufficient information to admit or deny them and therefore deny them.

48. Paragraphs 95–101 are legal conclusions for which no response is required.

49. With respect to paragraphs 102–103, Defendants lack sufficient information to speak to other states' regulatory schemes and therefore deny them.

50. Paragraphs 104–105 are legal conclusions for which no response is required.

51. With respect to paragraph 106, Defendants incorporate the above responses by reference.

52. With respect to paragraph 107, ERISA speaks for itself.

53. Paragraphs 108–110 are legal conclusions for which no response is required.

54. With respect to paragraph 111, Defendants incorporate the above responses by reference.

55. With respect to paragraph 112, the cited constitutional clauses speak for themselves.

56. Paragraphs 113–115 are legal conclusions for which no response is required.

57. With respect to the relief requested in Plaintiffs' prayer for relief, Defendants admit that Plaintiffs are seeking the specified relief but deny that they are entitled to such relief.

# DEFENSES

1. Plaintiffs lack standing.

2. Plaintiffs' claims are not ripe.

3. Plaintiffs' claims fail, in whole or in part, to state a claim upon which relief can be granted.

4. To the extent that Plaintiffs have been injured, these injuries are the result of either their own conduct and actions or the conduct of third persons over whom Defendants exercise no control.

5. Defendants reserve any other available claims, affirmative defenses, or objections.

Dated: January 21, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　KEITH ELLISON
　　　　　　　　　　　　　　　　　　　　State of Minnesota
　　　　　　　　　　　　　　　　　　　　Attorney General

　　　　　　　　　　　　　　　　　　　　s/**Allen Cook Barr**
　　　　　　　　　　　　　　　　　　　　STEPHEN D. MELCHIONNE (#0391374)
　　　　　　　　　　　　　　　　　　　　ALLEN COOK BARR (#0399094)
　　　　　　　　　　　　　　　　　　　　Assistant Attorneys General

　　　　　　　　　　　　　　　　　　　　445 Minnesota Street, Suite 600
　　　　　　　　　　　　　　　　　　　　St. Paul, Minnesota 55101-2131
　　　　　　　　　　　　　　　　　　　　(651) 757-1487 (Voice)
　　　　　　　　　　　　　　　　　　　　(651) 297-1235 (Fax)
　　　　　　　　　　　　　　　　　　　　stephen.melchionne@ag.state.mn.us
　　　　　　　　　　　　　　　　　　　　allen.barr@ag.state.mn.us

　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANTS

|#5970950